[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING THE IMPOSITION OF FINES
The court, after hearing, determines that the defendant Walter E. Bass Jr. willfully violated the provisions of Section 8-12 of the General Statutes. CT Page 5213
Bass, who is an active member of the bar, received notice on or about July 30, 1990 to stop the construction of a miniature golf course on his property in East Windsor, Connecticut, because various major conditions had not been met. Attorney Bass did not obey that order and continued construction and eventually allowed the opening of the golf course without any legal attorney.
The court finds that there were 330 days in which the violation continued. The court imposes a fine of One Hundred Dollars for each day, for a total of $33,000.00 (Thirty-Three Thousand Dollars) upon the defendant Walter Bass, Jr.
The other defendant, Gail Bass, is the wife of Attorney Bass. Her involvement here is minimal and merely ancillary.
Clearly the main actor who assumed responsibility for the entire project was her husband. He even represented her in the injunction action in court. The court cannot find that she acted willfully under those circumstances. The statute still mandates fines for Gail Bass however. Accordingly, the court imposes a fine of $10.00 (Ten Dollars) per day for 330 days for a total of $3,300.00 (Three Thousand Three Hundred Dollars). In view of the aforementioned, the court remits the fine imposed authority to do so. The violation continued from July 30, 1990 until June 19, 1991 when he and his wife, Gail Bass, consented to the imposition of an injunction which is to take effect on June 24, 1991.
Attorney Bass claims that this flagrant behavior was not willful. He proffers as a defense that he believed the notice sent to him on July 30, 1990 was from the wrong town official. He built upon that shaky foundation a belief that such an order was therefore void and as such could not be appealed. He kept these incorrect beliefs to himself and never informed anyone or appealed the letter's orders.
He then proceeded to build, and allow the operation of, an illegal use as if his belief in the existence of faulty notice gave him carte blanche to proceed to violate myriad pre CT Page 5214 conditions. This is questionable action for a lay person. It is inexcusable behavior for an upon Gail Bass.
A jail sentence is not imposed upon Walter Bass, Jr.
BY THE COURT, CHARLES D. GILL, JUDGE